G. M. THURNAUER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 12, 1908.)

No. 4,259.

Customs Duties (§ 25*) — Classification — Carmelite Ware — "Common Brown Earthenware."

So-called "carmelite ware," consisting of earthen cooking ware of a dark brown color, some of the articles having a white lining and some no lining, are not within the provision for "common * * * brown * * * earthenware," in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 94, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 25.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below, which is reported as G. A. 6,359 (T. D. 27,327), the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York. The articles in controversy consisted of so-called "carmelite earthenware," being in the form of egg dishes, pitchers or jugs, custard cups, etc. They were dark brown in color, and glazed. Some had a white lining, and some were unlined.

The opinion of the Board of General Appraisers is as follows:

HAY, General Appraiser. The merchandise which is the subject of these protests is described upon the invoices as earthenware. It was assessed for duty by the collector under the provisions of paragraph 95, Schedule B, Tariff Act July 24, 1897, c. 11, § 1, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626). Several different claims are made in the protests, but at the hearing all were practically abandoned, except that it should have been assessed as "common * * * brown * * * earthenware," under the provisions of paragraph 94, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633).

There seems to be no question of law involved, but purely one of fact, and the testimony overwhelmingly sustains the correctness of the collector's classification. From this testimony we are led to believe that the merchandise is very similar to, if not identical with, that which was the subject of the board's decision in Woolworth's Case, G. A. 5,696 (T. D. 25,354). It was held that the ware which was the subject of the protest in that case was not common brown earthenware within the meaning and intent of paragraph 94, act of 1897, but was dutiable under paragraph 96.

The protests in this case are overruled, and the action of the collector affirmed.

Walden & Webster (Henry J. Webster, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. Decision affirmed.